Thomas J. GENOVESE, Claimant–Appellant,

v.

R. James NICHOLSON, Secretary of Veterans Affairs, Respondent–Appellee.

No. 2006–7184.

United States Court of Appeals, Federal Circuit.

Aug. 31, 2006.

Thomas J. Genovese, pro se.

Before MICHEL, Chief Judge, MAYER and LINN, Circuit Judges.

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Thomas J. Genovese's appeal of the judgment of the Court of Appeals for Veterans Claims in *Genovese v. Nicholson,* 20 Vet.App. 453 (2006), for lack of jurisdiction. Genovese has not responded.

Genovese appealed to the United States Court of Appeals for Veterans Claims from a 2004 Board of Veterans' Appeals decision that determined there was no clear and unmistakable error (CUE) in a 2002 Board decision that failed to award an effective date earlier than 1996. Genovese asserted that the Department of Veterans Affairs (VA) failed to assist him, misdiagnosed his disability, and improperly weighed evidence in assigning the 1996 effective date.

The Court of Appeals for Veterans Claims concluded that under the applicable law, a breach of the duty to assist, a change in diagnosis, or an allegation that evidence was improperly weighed is not a proper basis for finding CUE in a Board decision. Accordingly, the Court of Appeals for Veterans Claims affirmed the Board's decision of no CUE on the ground that it could not find that the Board decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Genovese appeals.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Genovese's appeal does not satisfy any of the grounds for invoking this court's jurisdiction as he does not challenge the validity or interpretation of any statute or regulation relied on by the Court of Appeals for Veterans Claims, and he raises no constitutional issue. Genovese's argument in his informal brief is that he does "not feel that all of [his] appeals and claims were read completely and judged accurately."

The Court of Appeals for Veterans Claims' factual determinations pertaining to the sufficiency of Genovese's CUE claim and application of the law of CUE to the

facts of Genovese's case are not within our jurisdiction. In these circumstances, this court lacks jurisdiction to review Genovese's appeal. *See* 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.